■ Patricia Nalbandian, Appellant-Respondent, v Edward Nalbandian, Respondent-Appellant.—In an action for a divorce and ancillary relief, (1) the plaintiff wife appeals, as limited by her notice of appeal and brief, from stated portions of a judgment of the Supreme Court, Westchester County (Gurahian, J.), entered August 20, 1986, which, *inter alia,* (1)

awarded her maintenance only in the sum of $950 per month and provided that maintenance would be suspended upon retirement of the defendant husband, (2) directed that the defendant husband maintain the plaintiff wife as only a 50% beneficiary of a life insurance policy provided by his employer (25% if she remarries), (3) awarded the defendant husband a credit of $40,000 against the division of the marital assets, (4) found that the sum of $168,000 which was transferred by the defendant husband to his sisters was not marital property, and (5) did not award counsel fees to her, and, the defendant husband cross-appeals from so much of the same judgment as did not award him the entire appreciation in value of the $40,000 found to be separate property.

Ordered that the judgment is modified, as a matter of discretion, by deleting from line two of the third decretal paragraph thereof the words "fifty percent (50%)" and substituting therefor the words "one-hundred percent (100%)", and by deleting from lines six and seven of the third decretal paragraph thereof the words "twenty-five percent (25%)" and substituting therefor the words "one hundred percent (100%)"; as so modified, the judgment is affirmed insofar as appealed and cross-appealed from, without costs or disbursements.

The trial court did not err in its distribution of the marital property. In this regard, we note that the court correctly held that the sum of $168,000 transferred by the defendant husband to his sisters was not marital property. The testimony at trial revealed that the defendant husband and his sisters were beneficiaries of certain funds from the estates of certain of their relatives which the defendant managed. At the time of commencement of the action, the sisters' share of the funds had increased in value to $168,000. Thus, this sum was properly excluded from the marital estate. Further, the defendant husband was entitled to a credit against the distribution of marital property to the extent that he contributed his share of the inheritances, i.e., $40,000, to acquire marital assets (see, Coffey v Coffey, 119 AD2d 620).

The trial court awarded the plaintiff wife maintenance in the sum of $950 per month and provided that maintenance would be suspended upon the defendant husband's retirement, and her receipt of a proportion of the defendant's pension. This award was not inappropriate considering the relative financial circumstances of the parties (see, Domestic Relations Law § 236 [B] [6] [a] [1]). Nevertheless, inasmuch as the pension payments to the plaintiff are uncertain and contingent upon the pension plan that the defendant selects and

since the pension award may become illusory in the event of the defendant's death, we deem it appropriate to increase the plaintiff wife's share in his life insurance policy in order to adequately protect the award to her. In this regard, we note that any question as to whether the defendant husband should be compelled to select a certain pension option is not properly before us, not having been raised by the plaintiff at trial.

Finally, the trial court did not abuse its discretion in declining to award counsel fees to the plaintiff wife *(see,* Domestic Relations Law § 237 [b]). Thompson, J. P., Lawrence, Rubin and Spatt, JJ., concur.