■ JOHN I. FISH, JR., Respondent, v JACQUELYN B. FISH, Appellant.—Harvey, J. Appeal from a judgment of the Supreme Court (Lynn, J.H.O.) ordering, *inter alia,* equitable distribution of the parties' marital property, entered January 17, 1989 in Columbia County, upon a decision of the court.

The parties to this action were married in January 1981. This was the fourth marriage for plaintiff and the second for defendant. No children were born of the marriage. Following

the marriage, defendant sold a home she had owned prior to her marriage and moved into plaintiff's home which remained in his name alone. Thereafter, a three-car garage was built on plaintiff's land at a cost of $17,565.75. Of that amount, plaintiff furnished $8,078.65 (46%) and defendant furnished $9,487.10 (54%). At the time of the marriage, plaintiff was a teacher and, by the time of trial, had 22 years of service. Defendant worked as a receptionist throughout the marriage and later took a second part-time job after plaintiff requested a divorce in April 1987.

Plaintiff commenced this action for divorce in September 1987. Defendant counterclaimed for the same relief and a trial was held. A sharply disputed issue at trial concerned the eventual disposition of the appreciation to plaintiff's home during the course of the marriage. Plaintiff maintained that, because the property was acquired prior to the marriage, it was separate property not subject to equitable distribution (Domestic Relations Law § 236 [B] [1] [d] [1]). Defendant claimed that the appreciation to the property should be considered marital property (Domestic Relations Law § 236 [B] [1] [d] [3]), contending that the appreciation was due in part to her direct and indirect contributions (see, Price v Price, 69 NY2d 8, 11).

At trial, a real estate appraiser testified for plaintiff and stated that the property without the garage was worth $77,000 on the date of the parties' marriage and was worth $181,500 when the action was commenced. He also stated that the property would have been worth $162,000 on the date the action was commenced if the garage had not been built. According to this expert, other than the addition of the garage, the remaining appreciation of the property was due solely to passive market conditions and not due to any contributions on the part of the titled or nontitled spouses. Therefore, in his view, only $19,500 of the increase in value of the property was due in any part to the actions of the parties. Although no experts testified for defendant, she did submit an expert appraisal report which generally reflected a higher worth for the property and improvements.

Following the close of evidence, Supreme Court made its decision ruling, inter alia, that the divorce would be granted in favor of defendant. With respect to the equitable distribution of the marital residence, the court awarded defendant $10,533.60 for reasons that will be discussed. Defendant now appeals, limiting her arguments to the propriety of Supreme

Court's equitable distribution award concerning the marital home.

We affirm. In making its award Supreme Court specifically credited the testimony of plaintiff's appraiser to the effect that, other than the garage, the appreciation in the value of plaintiff's home was due to passive or market forces, while $19,500 or 18.66% of the total appreciation was due to the parties' construction of the garage on the property. With respect to the distribution of that marital property, however, the court went on to award defendant $10,533.60 which it labeled 10.08% of the total appreciation or 54% of the appreciation due solely to the addition of the garage.

Clearly, Supreme Court approached the problem of distribution from two angles and came to the same result. In other words, looking to the property as a whole, it can be argued that since the total appreciation of the property was due *in part* to the parties' efforts (the building of the garage), then the total would properly be considered initially to be marital property *(see, Price v Price,* 69 NY2d 8, 19, n 5, *supra).* In then making its equitable distribution, the court reasonably allotted just over 10% of the appreciation to defendant for her efforts. Alternatively, the court viewed the garage as marital property and the balance of property as plaintiff's separate property. This approach was reasonable under the circumstances presented here and was in line with the manner in which the appraisals were presented by both parties' experts. There is support for this approach in this court's decision in *Rider v Rider* (141 AD2d 1004), where we treated the premarital real estate owned by the husband as separate property and the improvements on the land made during the marriage as marital property *(see also, Jolis v Jolis,* 111 Misc 2d 965, *affd* 98 AD2d 692). Using this analysis, the court in the instant case concluded that defendant was responsible for 54% of the original cost of the garage and applied that percentage to the appreciation in value resulting from the addition of the garage.

In any event, we find the end result to be fair under the circumstances and in conformity with the evidence at trial. Although defendant strenuously argues that she was entitled to share in the general appreciation of the marital home due to work and maintenance she allegedly performed on the home in conjunction with plaintiff, the only expert to testify was plaintiff's and he unequivocally stated that the only cause for the appreciation other than the erection of the garage was due to market forces. Supreme Court was within its discretion

in crediting this testimony *(see, Lisetza v Lisetza,* 135 AD2d 20; *McCann v McCann,* 142 Misc 2d 1083).

Judgment affirmed, without costs. Mahoney, P. J., Casey, Weiss, Levine and Harvey, JJ., concur.