■ LORI McALPINE, Appellant-Respondent, v SCOTT McALPINE, Respondent-Appellant.—In an action for a divorce and ancillary relief, the plaintiff wife appeals (1), as limited by her notice of appeal and brief, from so much of a judgment of divorce of the Supreme Court, Suffolk County (Leis, J.), entered January 26, 1989, as provided for the distribution of the parties' marital property, and (2), as limited by her brief, from so much of a "revised memorandum decision" of the same court, dated March 23, 1989, as incorporated the provisions of the judgment from which she appealed and the defendant husband cross-appeals from so much of the judgment as awarded the plaintiff $11,100 from a joint savings account and $6,000 in counsel fees.

Ordered that the appeal from the revised memorandum decision dated March 23, 1989, is dismissed, without costs or disbursements, as no appeal lies from a decision; and it is further,

Ordered that the judgment is modified on the law, the facts, and as a matter of discretion, by deleting from the third decretal paragraph thereof (1) the words "after deducting from the sales price the sum of $33,250", and substituting therefor the phrase "after deducting from the sales price the sum of $13,326", and (2) the words "70% to the defendant" and "30% to the plaintiff", and substituting therefor the words "75% to the defendant" and "25% to the plaintiff"; as so modified, the judgment is affirmed insofar as appealed and cross-appealed from, without costs or disbursements.

The plaintiff wife contends that the defendant's fellowship in the Society of Actuaries is a marital asset and that the Supreme Court erred in failing to award her any share of the enhanced earning capacity the defendant has realized as a result of acquiring the fellowship. We conclude that a portion of the value of the defendant's fellowship constitutes marital property subject to equitable distribution (see, Price v Price, 69 NY2d 8, 15; Domestic Relations Law § 236 [B] [1] [c]). However, under the circumstances of this case, the plaintiff was not entitled to share in the defendant's enhanced earning capacity, if any, represented by the marital portion of the fellowship.

The record established that the major portion of the defendant's fellowship was earned prior to the marriage. The defendant had obtained his college degree in mathematics and passed five of ten examinations needed to qualify as a fellow before the parties were married in September 1982. Thereafter, the defendant worked full-time while studying at home on his own in order to prepare for the remaining five examinations. He did not need additional schooling. The credible evidence adduced at trial supports the trial court's findings that the plaintiff did not assist the defendant in his studies or make any substantial contributions, direct or indirect, to the acquisition of the fellowship. Additionally, the record supports the trial court's findings that the plaintiff made no personal sacrifices with respect to her own educational or career goals, and that the defendant performed the bulk of the household duties during the marriage.

In our view, the subject fellowship, which required the study of mathematics and successful passage of ten examinations, was largely obtained pre-maritally, since the defendant graduated from college and passed five of the examinations before he was married. Therefore, only that portion of the fellowship represented by the last five examinations may be treated as marital property (see, McGowan v McGowan, 142 AD2d 355). In this regard, we note that the plaintiff's expert did not provide the court with any valuation for that portion of the fellowship which may be considered marital property. The expert compared the earnings of an average college graduate, with and without a mathematics degree, with the earnings of an actuary. He did not provide any projection for the earnings differential of an actuary with a fellowship in the Society of Actuaries. Indeed, the defendant testified that the fellowship was not necessary for his job, and that his college degree alone had provided him with the training needed to become

an actuary. Accordingly, the plaintiff failed to establish that the fellowship, in fact, enhanced the defendant's earning capacity. Even if the fellowship had been properly valued, we would nonetheless sustain the exercise of the trial court's discretion in view of the short term of the marriage, the fact that the plaintiff did not make personal sacrifices in her career or educational goals, and did not make any substantial contribution to the attainment of the fellowship.

The plaintiff also contends that the trial court erred in awarding the defendant $33,250 out of the sales price of the marital home when his original separate property contribution at the time of purchase was $13,326. We agree. The defendant is only entitled to receive credit for the actual amount of his separate property contributions towards the acquisition of the marital home (see, Coffey v Coffey, 119 AD2d 620; Duffy v Duffy, 94 AD2d 711). However, in the exercise of our discretion, we find that the husband should receive a greater percentage of the net proceeds from the sale of marital home than the percentage that was awarded by the trial court.

The marital home was purchased in August 1982 prior to the marriage. The purchase price was approximately $51,000; the defendant's separate funds were used for the down-payment and all closing costs (roughly 25% of the total purchase price including costs). In addition, the credible evidence at trial established that the defendant did all of the maintenance work, personally made all of the improvements to the house during the marriage, and shared responsibility for cooking and housecleaning. Considering all the relevant factors, we conclude, as a matter of discretion, that the husband should receive 75% of the net proceeds from the sale of the marital home, and the wife should receive 25% (see, Butler v Butler, 171 AD2d 89).

We have reviewed the parties' remaining contentions and find them to be without merit. Sullivan, J. P., Miller, O'Brien and Ritter, JJ., concur.