■ JOSEPH ZAGO, Appellant, v VERONICA B. ZAGO, Respondent.—In an action for a divorce and ancillary relief, the

plaintiff husband appeals, as limited by his brief, from stated portions of a judgment of the Supreme Court, Nassau County (Kohn, J.), dated July 25, 1989, which, after a nonjury trial, *inter alia,* directed the distribution of marital assets.

Ordered that the judgment is modified, on the law and the facts, by adding to the second decretal paragraph thereof a provision crediting the plaintiff with the sum of $33,000 for his contribution to the purchase of the marital residence from separate property; as so modified, the judgment is affirmed insofar as appealed from, without costs or disbursements.

The marital home was purchased after the parties' marriage. Thus, the trial court properly determined that the marital home was subject to equitable distribution *(see,* Domestic Relations Law § 236 [B] [1] [c]). The evidence showed that the house was purchased in 1981 for $77,000, of which $30,000 was financed. The wife did not dispute the husband's claims that he had contributed premarital savings and loans, for which he is solely responsible for repaying, toward the purchase of the marital home. The husband contributed $33,000 in separate property toward the purchase of the marital home, and is entitled to a credit for that amount prior to the equitable distribution of the asset *(see, Butler v Butler,* 171 AD2d 89; *McAlpine v McAlpine,* 176 AD2d 285; *Vogel v Vogel,* 156 AD2d 671, 673; *Lauricella v Lauricella,* 143 AD2d 642, 644).

The trial court properly took into account the appropriate factors in determining the equitable distribution of the marital property *(see,* Domestic Relations Law § 236 [B] [5]). Therefore, the plaintiff's remaining contentions are without merit. Thompson, J. P., Rosenblatt, Miller and Ritter, JJ., concur.