■ VIRGINIA ROBERTSON, Respondent-Appellant, v PHILIP ROBERTSON, Appellant-Respondent.—In an action for a divorce and ancillary relief, the defendant husband appeals, as limited by his brief, from stated portions of a judgment of the Supreme Court, Kings County (Rigler, J.), entered October 12, 1989, which, *inter alia,* awarded him only 20% of the proceeds of the sale of the marital residence and only 55% of the proceeds of the sale of the parties' property in Hampton Bays and of a jointly-held investment account with Gruntal & Company, and denied him any share of the appreciation in the two accounts with Gruntal & Company which were held solely in the plaintiff wife's name; the plaintiff wife cross-appeals, as limited by her brief, from stated portions of the same judgment as, *inter alia,* failed to award her the entire proceeds of the sale of the marital residence.

Ordered that the judgment is modified, on the law and the facts and as an exercise of discretion, by (1) adding to the thirteenth decretal paragraph thereof a provision crediting the plaintiff with the sum of $45,633.75 for her contribution to the purchase of the marital residence from separate property, and (2) deleting the provison awarding her 80% of the net proceeds of the sale of the marital residence and substituting therefor a provision awarding both parties 50% of the net proceeds after the deduction of $45,633.75; as so modified, the judgment is affirmed insofar as appealed and cross-appealed from, without costs or disbursements, and the matter is remitted to the Supreme Court, Kings County, for the entry of an appropriate amended judgment.

The marital residence, an apartment, was purchased after the parties' marriage and was therefore subject to equitable distribution *(see,* Domestic Relations Law § 236 [B] [1] [c]). It is undisputed that the wife contributed $45,633.75 in separate property toward the purchase of the apartment. The trial court thus erred in failing to give her a credit for that amount prior to the equitable distribution of the asset *(see, Zago v Zago,* 177 AD2d 691; *McAlpine v McAlpine,* 176 AD2d 285). We further conclude that the trial court improvidently exercised its discretion in awarding the husband only 20% of the proceeds of the sale of the apartment. In view of the long-term nature of the marriage *(see, Bisca v Bisca,* 108 AD2d 773), the husband's payment of the maintenance on the apartment, and his contribution of the right to purchase the apartment at a greatly-reduced insider's price, we conclude that the husband was entitled to a 50% share of the net proceeds of the sale of the apartment.

The trial court properly determined that two investment accounts which the wife held in her own name with Gruntal & Company were separate property as defined by Domestic Relations Law § 236 (B) (1) (d) (1) and thus properly denied the husband any share of the appreciation in the value of the accounts. The wife established at the trial that the funds in the accounts derived, *inter alia,* from premarital savings and inheritances. Moreover, the testimony of the parties' investment advisor indicated that the accounts which he managed for the wife were discretionary in nature and that he had the authority to select the securities which would be purchased for the accounts. Because the appreciation in the value of the accounts was due exclusively to the managerial efforts of the parties' investment advisor and to market forces, the appreciation remained separate property in regard to which the hus-

band, as the nontitled spouse, was not entitled to a share *(see, Price v Price,* 69 NY2d 8, 18).

Although it is generally true that where—as in this case—both spouses equally contribute to a marriage of long duration, a division should be made which is as equal as possible *(see, Bisca v Bisca, supra),* we conclude that the trial court did not improvidently exercise its discretion in awarding the husband slightly more than half (55%) of the proceeds of the parties' property in Hampton Bays and the moneys in another account with Gruntal & Company that was jointly held by the parties. The record establishes that the husband generally contributed his separate assets to the marital assets while the wife generally kept the funds from her premarital savings and her inheritances separate *(see,* Domestic Relations Law § 236 [B] [5] [d] [13]).

We have reviewed the parties' remaining contentions and conclude that they are without merit. Balletta, J. P., Miller, Pizzuto and Santucci, JJ., concur.