OPINION OF THE COURT
Howard Miller, J.
The parties have requested clarification of a portion of the *679 August 10, 1992 decision of this court relating to equitable distribution.
The parties are possessed of marital property which includes, inter alla, the marital home, which has concededly increased in value during the marriage, and property in Maine, which has not. The prior order of this court awarded the parties an equal share in both properties, and found that defendant had contributed $26,625 in separate property to the purchase of the marital home and $13,000 in separate property to the purchase of the Maine property.
Defendant is entitled to receive from the net sale proceeds of the Maine property (after payment of the existing first mortgage, brokerage fees, and any other selling expenses), the return of his $13,000 in separate property. Defendant alleges that since the Maine property has depreciated in value, he may not be able to recover the full amount of his $13,000 in separate property from that source; thus, defendant argues, any deficiency should be recoverable from other marital assets, i.e., the proceeds from the sale of the marital home.
After diligent search, the court has not found any case on point and must proceed on first impression.
Domestic Relations Law § 236 (B) (5) (b) and (c) state that:
"b. Separate property shall remain such.
"c. Marital property shall be distributed equitably between the parties, considering the circumstances of the case and of the respective parties.”
Thus marital property may be equitably distributed, while separate property may not (1 Tippins, New York Matrimonial Law and Practice § 3.02 [1986]). While defendant is entitled to a dollar-for-dollar return up to $13,000 on the Maine property (Butler v Butler, 171 AD2d 89), there is no authority for the court to reallocate defendant’s separate property to the marital home, or any other marital asset, in order that defendant receive the full amount of his separate property contributed to both properties. To do so would constitute a distribution of defendant’s separate property and would impair plaintiff’s rights to equitable distribution of the marital property.
Upon agreement of both parties, the period for computing plaintiff’s share of defendant’s police pension shall be from the date of the marriage to October 26, 1988.