■ JUDITH LASAPONARA, Appellant, v DOMINICK LASAPO- NARA, Respondent. [626 NYS2d 821] —In an action for a divorce and ancillary relief, the wife appeals, as limited by her brief, from so much of a judgment of the Supreme Court, Queens County (Lerner, J.), dated February 8, 1993, as after a nonjury trial, directed her to transfer to the husband 50% of her interest in three parcels of real property and 45% of her interest in a fourth parcel.

Ordered that the judgment is affirmed insofar as appealed from, with costs.

The issue in this case is the equitable distribution of the wife's interest in four parcels of real property that she acquired during the marriage and held either in her name or with a third party.

At the trial, the parties testified that the wife had earned a steady income during the marriage and that the husband had

only earned money sporadically as a real estate agent and as the operator of a pizzeria. However, there is no evidence in the record about the parties' respective incomes. Further, there is evidence in the record that the husband selected the parcels and that he structured the purchases to enable the wife to acquire her interests in the parcels with little or no down payment. Under these circumstances, the trial court did not improvidently exercise its discretion by awarding approximately one-half of the wife's interest in the parcels to the husband (see, Butler v Butler, 171 AD2d 89; Lolli-Ghetti v Lolli-Ghetti, 165 AD2d 426).

The record contains insufficient information about the mortgage and the payments made by the wife to maintain the parcels to grant her a credit for those payments (see, Elmore v Elmore, 208 AD2d 1134; Parsons v Parsons, 101 AD2d 1017). In any event, her payments were offset by the income that she received from one of the parcels.

The wife's remaining contentions are without merit. Bracken, J. P., Rosenblatt, O'Brien and Hart, JJ., concur.