■ GEORGE A. CINCOTTA, JR., Respondent, v DIANA J. CINCOTTA, Appellant. [633 NYS2d 527] —In an action for a divorce and ancillary relief, the defendant former wife appeals, as limited by her brief, from stated portions of a judgment of the Supreme Court, Nassau County (O'Brien, J.), entered November 16, 1993, which, *inter alia,* after a nonjury trial, granted the plaintiff former husband a credit for $117,000 in separate property used to make improvements of the marital residence,

denied her application for maintenance, and limited her award of counsel fees to $5,000.

Ordered that the judgment is modified, on the law and the facts and as a matter of discretion, by deleting the eighth and ninth decretal paragraphs thereof, and substituting therefor a provision awarding each party 50% of the proceeds from the sale of the marital residence; as so modified, the judgment is affirmed insofar as appealed from, without costs or disbursements, and the matter is remitted to the Supreme Court, Nassau County, for entry of an appropriate amended judgment.

The primary asset of the parties was the marital residence, purchased in 1984 for $310,000 and sold in 1992 for $480,000. When distributing the proceeds from the sale of the marital residence, the trial court gave the plaintiff former husband a credit for $117,000 for separate property used to make improvements to the marital residence. This was error.

The evidence at the trial established that the improvements to the marital residence were a joint effort of both parties. The plaintiff former husband acknowledged that the defendant former wife, an interior designer, undertook much of the supervision of the work. It is clear from the record that she participated in planning the renovations. Any appreciation in the value of the marital residence resulting from the improvements was attributable to the contributions and efforts of the defendant former wife as well as the financial contributions of the plaintiff former husband (see, Lasaponara v Lasaponara, 215 AD2d 448; Butler v Butler, 171 AD2d 89), and the defendant former wife is entitled to share in the appreciation in the value of the marital residence attributable to the improvements (see generally, Price v Price, 69 NY2d 8; Elkus v Elkus, 169 AD2d 134).

In any case, neither party established what portion of the appreciation in the value of the marital residence was attributable to the improvements and what portion of the appreciation was attributable to other factors such as market forces (see, Coffey v Coffey, 119 AD2d 620, 622-623; cf., Fish v Fish, 161 AD2d 979).

Under all of these circumstances, we deem it appropriate that each party receive 50% of the proceeds from the marital residence (see, Lasaponara v Lasaponara, supra; Butler v Butler, supra).

The remaining contentions of the defendant former wife are without merit. Miller, J. P., Altman, Goldstein and Florio, JJ., concur.