■ ANNE MACDONALD, Respondent, v W. CULLEN MAC-DONALD, Appellant. [641 NYS2d 349] —In a matrimonial action in which the parties were divorced by judgment dated May 16, 1994, the appeal is from stated portions of an order of the Supreme Court, Kings County (Rigler, J.), dated February 10, 1995, which, *inter alia,* restrained distribution of (a) the appellant former husband's partnership profits from his law firm, (b) the appellant's capital contribution to the law firm, and (c) the corpus of a trust, pending further order of the court or satisfaction of judgments against the appellant.

Ordered that the order is modified, on the law, by deleting the second paragraph thereof which restrained the partnership from transferring, assigning, otherwise disposing of any property in which the appellant former husband has an interest or shall have an interest, or distributing to him any income other than the release of a $6,000 per month draw, pending further order of the court or the satisfaction of the outstanding judgments against him in this action; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements, and the matter is remitted to the Supreme Court, Kings County, for further proceedings in accordance herewith.

This appeal is a continuation of the matrimonial litigation between the respondent former wife and the appellant former husband (*see, MacDonald v MacDonald,* 226 AD2d 596 [decided herewith]). We find no merit to the appellant's contention that the Supreme Court erred in restraining the trustee of the trusts in question from disbursing any of the proceeds from the foreclosure of the Blooming Grove property. The respondent established by clear and convincing evidence that the mortgage given by the appellant on the Blooming Grove property to pay a debt owed to the trustee was a conveyance made with the intent to avoid the obligations imposed by the divorce judgment (*see,* Debtor & Creditor Law § 276; *Marine Midland Bank v Murkoff,* 120 AD2d 122, 128). The trustee foreclosed on the property in order to transfer the proceeds of the foreclosure

into the trust, the corpus of which shall be returned to the appellant upon its termination. It is clear that the mortgage transaction was fraudulent as against the appellant's creditors and the restraining notice was properly granted (*see, Harris v Osnowitz,* 35 App Div 594; *see also, Young v Heermans,* 66 NY 374, 382; *Cole v Tyler,* 65 NY 73).

We agree, however, that the Supreme Court erred in restraining and attaching the appellant's capital account with his law firm for purposes of satisfying the appellant's financial obligations. A partner's interest in partnership property is not subject to attachment or execution except to satisfy a claim against the partnership (*see,* Partnership Law § 51 [2] [c]). Creditors of the partner cannot reach it without the consent of all of the partners, because a partner has no right to possess partnership property for any purpose other than those of the partnership (*see,* Partnership Law § 51 [2] [a]; *Smith v Smith,* 65 AD2d 757; *Matter of Rader v Goldoff,* 223 App Div 455). Because the capital account is not subject to execution, it is also not subject to a restraining notice.

Under the circumstances of this case, the provision of the order which restrained the partnership from distributing to the appellant any income other than $6,000 per month as his partnership draw was improper. Ordinarily, income that is exempt from application to the satisfaction of a money judgment is not subject to restraint (*see,* CPLR 5201 [b]; 5205 [d] [2]; 5222; Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C5222:5, at 190). The appellant, who provides services to the firm as a litigator, would qualify for an income exemption for partnership profits received, inasmuch as these would constitute earnings for personal services as that term is broadly defined under article 52 of the CPLR (*see,* CPLR 5205 [d] [2]; 5231 [b], [c] [i]; [g]; *Federal Deposit Ins. Corp. v Wirth,* US Dist Ct, SD NY, Keenan, J.). In light of the appellant's estimated annual income of $200,000, the court had the authority to execute against whatever income the court determines is unnecessary for the reasonable requirements of the appellant and his dependents (*see,* CPLR 5205 [d] [2]; *Coons v Teachers Ins. & Annuity Assn.,* 61 AD2d 1138). Nevertheless, our modification of the judgment of divorce (*see, MacDonald v MacDonald,* 226 AD2d 596 [decided herewith], *supra*) may have the effect of eliminating the need for an income execution. Consequently, the restraint upon the partnership distributing anything more to the appellant than his $6,000 per month draw was improper.

In the event that the partnership profits which have ac-

cumulated pursuant to the restraining order during the pendency of this appeal are insufficient to satisfy the appellant's financial obligations, the court should hold a hearing to determine the reasonable requirements of the appellant and his dependents (*see, Edelman v Edelman,* 83 AD2d 622).

We have considered the appellant's remaining contentions and find them without merit. O'Brien, J. P., Copertino, Santucci and Krausman, JJ., concur.