■ ANNE MACDONALD, Respondent-Appellant, v W. CULLEN MACDONALD, Appellant-Respondent. [640 NYS2d 347] —In an action for a divorce and ancillary relief, (1) the defendant former husband appeals, as limited by his brief, from stated portions of a judgment of the Supreme Court, Kings County (Rigler, J.), dated May 16, 1994, which, after a nonjury trial, *inter alia,* distributed the marital assets, and (2) the plaintiff former wife cross-appeals from so much of the same judgment as awarded her only $200 per week nondurational maintenance.

Ordered that the judgment is reversed insofar as appealed from, on the law and the facts, and the eighth decretal paragraph thereof, which provided for the equitable distribution of the parties' assets is deleted; and it is further,

Ordered that the judgment is affirmed insofar as cross-appealed from; and it is further,

Ordered that the matter is remitted to the Supreme Court, Kings County, for redistribution of the marital assets in accordance herewith, and it is further,

Ordered that the appellant-respondent is awarded one bill of costs.

We reject the contention by the former husband, who is a partner in a law firm, that the Supreme Court erred by including the death benefit provision of the partnership agreement when determining the value of the former husband's interest in the partnership for equitable distribution purposes (*see, Burns v Burns,* 84 NY2d 369, 375; *Amodio v Amodio,* 70 NY2d 5, 7; *Litman v Litman,* 61 NY2d 918, 920). Uncertainty concerning future events should not bar attempts to assign value to an asset (*see, Burns v Burns, supra,* at 375). The Supreme Court properly rejected the former husband's contention that the withdrawal/death benefit contained in the partnership agreement should have been awarded to the wife only pursuant to a Qualified Domestic Relations Order, since the withdrawal/ death benefit provision was being used for valuation and not distribution purposes (*see, Harmon v Harmon,* 173 AD2d 98, 105-106; *Anonymous v Anonymous,* NYLJ, Sept. 24, 1993, at 22, col 1; *Stolowitz v Stolowitz,* 106 Misc 2d 853, 858).

The husband's leasehold interest in the Blooming Grove house was acquired after the parties' marriage and was therefore subject to equitable distribution (see, Domestic Relations Law § 236 [B] [1] [c]). Similarly, repayment of the so-called "ESA loan", the proceeds of which were used exclusively to purchase marital property, constitutes a marital debt which must be considered in calculating the total value of the assets available for equitable distribution.

At trial the former husband submitted sufficient evidence to establish that he used $90,000 of his inheritance to satisfy the outstanding mortgage on the Blooming Grove property and to reduce the ESA loan. The Supreme Court thus erred in failing to give him a credit for that amount prior to the equitable distribution of these assets (see, Burns v Burns, 193 AD2d 1104, 1106, mod 84 NY2d 369, supra; Robertson v Robertson, 186 AD2d 124, 125; Vogel v Vogel, 156 AD2d 671; Nalbandian v Nalbandian, 135 AD2d 621). Because this credit exceeds the former wife's distributive award, we remit the matter to the Supreme Court for reconsideration of the distribution of the marital assets.

The parties' remaining contentions are without merit. O'Brien, J. P., Copertino, Santucci and Krausman, JJ., concur.