■ OTILIO GONZALEZ, Respondent, v ALICE GONZALEZ, Appellant. [737 NYS2d 111] —In an action for a divorce and ancillary relief, the defendant appeals (1) from a decision of the Supreme Court, Queens County (Gartenstein, J.H.O.), dated June 12, 2000, (2), as limited by her notice of appeal and brief, from so much of a judgment of divorce of the same court, dated October 17, 2000, as did not reimburse or credit her for her separate property contribution of $54,000 to the purchase of the parties' marital residence, and awarded the plaintiff a credit of $2,000, representing 50% of $4,000 withdrawn from joint funds without authorization, and (3) from so much of an amended judgment of divorce of the same court, dated December 20, 2000, as also did not reimburse or credit her for the $54,000 and awarded the plaintiff a credit of $2,000.

Ordered that the appeal from the decision is dismissed, as no appeal lies from a decision (see, Schicchi v Green Constr. Corp., 100 AD2d 509); and it is further,

Ordered that the appeal from the judgment is dismissed, as the judgment was superseded by the amended judgment; and it is further,

Ordered that the amended judgment is reversed insofar as appealed from, on the law and the facts, by (1) deleting the provision thereof directing that the proceeds of the sale of the marital residence be divided equally between the parties, and substituting therefor a provision directing that, upon the sale of the marital residence, the defendant receive $54,000 before the remaining proceeds are divided evenly between the parties,

and (2) deleting the provision thereof directing the defendant to pay the plaintiff the sum of $2,000 taken from the parties joint account; and it is further,

Ordered that the appellant is awarded one bill of costs.

The marital residence was purchased after the parties' marriage and was therefore subject to equitable distribution (see, Domestic Relations Law § 236 [B] [1] [c]). The record indicates that the appellant contributed $54,000 in separate property to the purchase of the residence. The Supreme Court thus erred in failing to give her a credit for that amount prior to the equitable distribution of the asset (see, Robertson v Robertson, 186 AD2d 124, 125; Zago v Zago, 177 AD2d 691, 692; McAlpine v McAlpine, 176 AD2d 285, 287).

The appellant demonstrated that she used the funds she withdrew from the parties' joint account to pay legitimate expenses, which does not constitute a waste or dissipation of marital assets (see, Harbour v Harbour, 227 AD2d 882, 883-884). Accordingly, the respondent is not entitled to a credit with respect thereto. Florio, J.P., Smith, McGinity and Crane, JJ., concur.