■ STELLA STOTS, Appellant-Respondent, v GEORGE DANIELS, Respondent-Appellant. [804 NYS2d 22]—

Judgment, Supreme Court, New York County (Judith J. Gische, J.), entered April 30, 2004, which, inter alia, directed that $44,675.73 be deducted from defendant's share of the proceeds of the former marital residence and credited to plaintiff's share, unanimously modified, on the facts, to adjust the amount of the deduction to $40,434.60, and otherwise affirmed, without costs.

The record supports plaintiff wife's claim that the trial court

erred in crediting defendant husband with household payments in the amount of $4,866.78 that were actually made by the wife. The trial court also erred by not crediting the husband for closing costs on the marital residence that he paid out of separate funds he had obtained from the sale of his former apartment, in the amount of $9,107.91 (*see McAlpine v McAlpine*, 176 AD2d 285, 287 [1991]). We correct both errors by adjusting the deduction from the husband's share of the proceeds of the marital residence to $40,434.60. We affirm in all other respects, including the court crediting the husband with $51,522.51, representing the net proceeds of a withdrawal from his deferred compensation account, a marital asset, which he used to reduce marital debt. As the court noted, the wife did not "dispute that the monies extinguished marital debt and the court finds [the husband's] testimony credible on this point." Concerning the marital residence, the trial court properly provided for the child's continued residency therein with his mother until his graduation from high school, which is imminent, absent evidence tending to support the husband's claim that he is in immediate need of his equitable share of the marital residence (*see Cusimano v Cusimano*, 149 AD2d 397, 398-399 [1989]). We have considered the parties' remaining contentions for affirmative relief and find them unavailing. Concur—Tom, J.P., Andrias, Sullivan, Gonzalez and Malone, JJ.