■ ROBERT GEZELTER, Appellant, v EDNA SHOSHANI, Respondent. [724 NYS2d 481] —In a matrimonial action in which the parties were divorced by judgment dated September 17, 1998, the plaintiff appeals, as limited by his brief, from stated portions of a judgment of the Supreme Court, Queens County (Gartenstein, J.), entered May 15, 2000, which, *inter alia,* (1) determined that he shall be imputed a net income of $50,000 for purposes of calculation of child support and that child support shall be applied retroactively from the date of the commencement of the action (i.e., October 25, 1993), (2) directed him to pay child support to the defendant on Friday of each week in an amount equal to 17% of his imputed net income, which is equal to $163.46 per week, and (3) directed the sale of the marital residence.

Ordered that the judgment is modified, on the law and the facts, by (1) deleting the decretal paragraphs thereof which determined that the plaintiff shall be imputed a net income of $50,000 for purposes of calculation of child support and that child support shall be applied retroactively from the date of the commencement of the action (i.e., October 25, 1993), and directed the plaintiff to pay child support to the defendant on Friday of each week in an amount equal to 17% of his imputed net income, which is equal to $163.46 per week, and (2) deleting from the sixth decretal paragraph thereof the words "October 25, 1993" and substituting therefor the words "December 21, 1993"; as so modified, the judgment is affirmed insofar as appealed from, and the matter is remitted to the Supreme Court, Queens County, for a hearing in accordance herewith, without costs or disbursements; and it is further,

Ordered that in the interim, the plaintiff shall pay child support in the amount of $110 to the defendant on Friday of each week.

The parties were married on August 26, 1990, and have one child born in 1992. Prior to the marriage, the plaintiff and the defendant purchased a home in Flushing, Queens. After the closing, the plaintiff, a self-employed computer consultant,

personally undertook immediate occupancy and renovation of the marital residence. The defendant, and later the parties' son, lived with her parents throughout the marriage, waiting for the plaintiff to complete the repair and renovation of the house. However, after three years, the marital residence remained in a state of disrepair and was unsuitable for the defendant to move in with their son.

On October 25, 1993, the plaintiff commenced an action for a divorce and ancillary relief and, shortly thereafter, was directed to pay temporary child support.

Five years later, on September 17, 1998, a judgment of divorce was entered. A hearing was subsequently held to determine issues related to the equitable distribution of the marital residence, the parties' only joint asset, and child support. On May 15, 2000, a judgment was entered which, *inter alia*, directed that the plaintiff be imputed a net income of $50,000 and that child support be applied retroactively from October 25, 1993.

Contrary to the plaintiff's contention, the court correctly made the award of child support retroactive (*see,* Domestic Relations Law § 240 [1]). However, the award of child support must be retroactive to the "date of the application therefor" (Domestic Relations Law § 236 [B] [7] [a]). In this case, the proper date is December 21, 1993, the date of the defendant's answer containing her request for child support, rather than October 25, 1993, the date the action for a divorce was commenced (*see, Crane v Crane,* 264 AD2d 749; *Beason v Sloane,* 174 AD2d 1016).

The Supreme Court erred in calculating the plaintiff's child support obligation based on an imputed income of $50,000 per year. It is well settled that child support is determined by the parents' ability to provide for their child rather than their current economic situation, and an imputed income amount is based, in part, upon a parent's past earnings, actual earning capacity, and educational background (*see, Morrissey v Morrissey,* 259 AD2d 472). However, the calculation of the party's earning potential must have some basis in law and fact (*see, Petek v Petek,* 239 AD2d 327; *Martusewicz v Martusewicz,* 217 AD2d 926).

Here, the Supreme Court imputed an income of $50,000 to the plaintiff based on its conclusion that, in an attempt to renovate the marital home, he "squandered his * * * valuable professional time to do the unskilled work of a day-laborer." This determination, however, is unsupported by the record. At the hearing, the plaintiff testified that after 1993, he devoted

the majority of his time to cultivating his business. The plaintiff produced tax returns and offered various financial charts and ledgers which were admitted into evidence. The evidence established that, during the period for which the plaintiff was obligated to pay child support, his earnings were essentially unaffected by the time and money he invested in renovating the marital residence.

Moreover, there is no evidence regarding the plaintiff's earning capacity during the relevant period or the earnings of other professionals possessing the same educational background as the plaintiff. The record also fails to disclose that the plaintiff diverted funds, hid assets, understated his income, or took improper business deductions. In short, there is no evidence in the record to support a conclusion that the plaintiff could have earned an income of $50,000 per year.

Based on the foregoing, we remit this matter to the Supreme Court for a recalculation of the plaintiff's child support, including a provision for the payment of arrears. In doing so, we note that the amount of retroactive child support, from December 21, 1993, to May 15, 2000, should be calculated based upon the plaintiff's income for each year that child support is awarded (*see, Wilson v Wilson,* 226 AD2d 711; *Otto v Otto,* 207 AD2d 530).

The plaintiff's remaining contentions are without merit. Krausman, J. P., H. Miller, Schmidt and Crane, JJ., concur.