■ ANNE M. CASTALDO, Appellant, v CHARLES L. CASTALDO, Respondent. [734 NYS2d 182] —In an action for a divorce and ancillary relief, the plaintiff appeals, as limited by her brief, from so much of an amended judgment of the Supreme Court, Richmond County (Ponterio, J.), dated July 19, 2000, as, after a nonjury trial, (1) awarded the defendant the sum of $21,742, representing his distributive share of the parties' certificate of deposit and savings account, (2) awarded the defendant the sum of $4,500, representing his distributive share of the proceeds of two life insurance policies maintained by the plaintiff during the marriage, (3) directed the defendant to pay only 35.3% of reasonable child care expenses, and (4) failed to award her child support arrears.

Ordered that the amended judgment is affirmed insofar as appealed from, with costs.

Contrary to the plaintiff's contention, the Supreme Court sufficiently set forth the relevant factors which it considered in awarding the defendant one-half of the parties' certificate of deposit and savings account, as required by Domestic Relations Law § 236 (B) (5) (d). The court was not required "to analyze each of the factors stated in subdivision (5) (d) and give reasons as to each" (*O'Brien v O'Brien*, 66 NY2d 576, 589; *see, Cappiello v Cappiello*, 66 NY2d 107).

Additionally, the Supreme Court properly determined not to award the plaintiff child support arrears. At trial, the plaintiff admitted that since the parties' separation, the defendant paid child support in the amount of $300 every two weeks. Since this amount exceeded the amount of child support awarded in the amended judgment, the defendant does not owe any child support arrears. Further, the issue of the Supreme Court's failure to specify in the amended judgment the amount of reasonable child care costs for which the defendant is responsible is academic in light of that court's order dated December 22, 2000, which, *inter alia*, did so.

The plaintiff's remaining contentions are without merit. Friedmann, J. P., Smith, Adams and Cozier, JJ., concur.