■ Jein Shyue, Respondent, v Isen Tarn, Appellant. [775 NYS2d 342]—

In an action for a divorce and ancillary relief, the defendant wife appeals, as limited by her brief, from so much of a judgment of the Supreme Court, Kings County (Yancey, J.), entered September 7, 2001, as, after a nonjury trial, determined that she was not entitled to equitable distribution.

Ordered that the judgment is reversed insofar as appealed from, on the law and as a matter of discretion, with costs, and the matter is remitted to the Supreme Court, Kings County, to equitably distribute the marital property.

The Supreme Court improvidently exercised its discretion in denying the defendant wife equitable distribution on the grounds that the parties lived together for a short period of time and maintained separate bank accounts. While the parties were married for approximately 6½ years before the commencement of this action, and only lived together for short, sporadic periods during that time, the duration of a marriage is only one of a number of factors that must be considered by the court in determining equitable distribution (*see* Domestic Relations Law § 236 [B] [5] [d]; *Mele v Mele,* 152 AD2d 685 [1989]). Moreover, the evidence established that the plaintiff husband withdrew funds from a joint mutual fund account in order to purchase real property in his own name and acquired a 401 (k) retirement plan during the course of the marriage. Under these circumstances, the Supreme Court should have equitably distributed this property which constituted marital property (*see Pauk v Pauk,* 232 AD2d 386, 389 [1996]; *Harrell v Harrell,* 120 AD2d 565, 566 [1986]).

Accordingly, we remit this matter to the Supreme Court, Kings County, to equitably distribute the marital property. Santucci, J.P., Florio, Schmidt and Mastro, JJ., concur.