MARIE A. MILNES, Appellant, v ROBERT MILNES, Respondent. [857 NYS2d 167]—

In an action for a divorce and ancillary relief, the plaintiff appeals, as limited by her brief, from so much of a judgment of the Supreme Court, Nassau County (Gartenstein, J.H.O.), entered December 1, 2006, as, upon a decision of the same court dated June 21, 2006, made after a nonjury trial, distributed the net proceeds of the sale of the marital property equally without apportioning certain alleged marital debts, and failed to award child support arrears.

Ordered that the judgment is affirmed insofar as appealed from, with costs.

In fashioning an award of equitable distribution, the Supreme Court is required to discuss the statutory factors it relied upon in distributing marital property (see Payne v Payne, 4 AD3d 512, 513-514 [2004]). Where it is evident that the Supreme Court considered all relevant factors and the reasons for its decision are articulated, the court is not required to specifically cite to and analyze each statutory factor (see O'Brien v O'Brien, 66 NY2d 576, 589 [1985]; Castaldo v Castaldo, 289 AD2d 189, 190 [2001]). Here, the Supreme Court expressly set forth all the factors it considered in determining that the net proceeds of the sale of the marital residence should be distributed equally.

The Supreme Court properly declined to treat as marital debt a loan allegedly made by the plaintiff's father to the parties in light of the plaintiff's failure to provide any documentary evidence of the alleged loan to substantiate her own testimony regarding the alleged indebtedness (*see Dermigny v Dermigny,* 23 AD3d 429 [2005]; *Cabeche v Cabeche,* 10 AD3d 441 [2004]; *Phillips v Phillips,* 249 AD2d 527 [1998]). Moreover, the Supreme Court properly considered the total marital assets and financial circumstances of the parties in apportioning the parties' financial obligations incurred before and after the commencement of this action (*see Corless v Corless,* 18 AD3d 493, 494 [2005]; *McKeever v McKeever,* 8 AD3d 702, 702-703 [2004]).

The Supreme Court also providently exercised its discretion in crediting the defendant for payments he made to support the parties' two children who reached their majority during the pendency of this action, and in declining to award child support arrears in the absence of any proof that the payments made were less than those required under the Child Support Standards Act (*see generally Krantz v Krantz,* 175 AD2d 863 [1991]; *Hite v Hite,* 89 AD2d 577 [1982]). Skelos, J.P., Lifson, Santucci and Balkin, JJ., concur.