■ MELISSA B. O'HALLORAN, Respondent, v JOHN V. O'HALLORAN, Appellant. [873 NYS2d 87]—

In an action for a divorce and ancillary relief, the defendant appeals (1), as limited by his brief, from so much of an order of the Supreme Court, Suffolk County (MacKenzie, J.), dated April 18, 2007, as, after a hearing, granted that branch of the plaintiff's motion which was to hold him in contempt for failure to comply with so much of a pendente lite order of the same court dated August 14, 2006 as directed him to pay the real estate taxes on the marital residence, (2) from an order of the same court entered April 20, 2007 which denied his motion for a mistrial, and (3), as limited by his brief, from stated portions of a judgment of the same court entered May 22, 2007 which, upon

an amended decision of the same court dated April 18, 2007 made after a nonjury trial, inter alia, directed him to pay arrears in his pendente lite child support obligation in the sum of $6,444 and awarded the plaintiff child support in the sum of $692.31 per week, the principal sum of $96,501.94, representing 20% of his enhanced earning capacity, sole title to the marital residence, and an attorney's fee in the sum of $20,000.

Ordered that the order dated April 18, 2007 is affirmed insofar as appealed from, without costs or disbursements; and it is further,

Ordered that the appeal from the order entered April 20, 2007 is dismissed, without costs or disbursements; and it is further,

Ordered that the judgment is modified, on the law and in the exercise of discretion, (1) by adding a provision thereto directing the plaintiff to assume the existing mortgages encumbering the marital residence that were given in the name of the defendant, in accordance with the amended decision, (2) by deleting the provision thereof directing the defendant to pay pendente lite arrears in the sum of $6,444, and (3) by adding provisions thereto that the defendant is entitled to declare one of the parties' children as a dependent on his income tax returns, and directing that the plaintiff execute the appropriate IRS form or forms in connection therewith; as so modified, the judgment is affirmed insofar as appealed from, without costs or disbursements, and the matter is remitted to the Supreme Court, Suffolk County, for a hearing and new determination on the issue of arrears in the defendant's pendente lite child support obligation and for the entry of an amended judgment thereafter.

The appeal from the intermediate order entered April 20, 2007 must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see Matter of Aho*, 39 NY2d 241, 248 [1976]). The issues raised on appeal from that order are brought up for review and have been considered on the appeal from the judgment (*see* CPLR 5501 [a] [1]).

The Supreme Court's determination regarding the defendant's pendente lite child support arrears was not warranted by the facts (*see Northern Westchester Professional Park Assoc. v Town of Bedford*, 60 NY2d 492, 499 [1983]), which were not sufficiently developed at trial to enable a reasoned determination of the issue. Under these circumstances, we remit the matter to the Supreme Court, Suffolk County, for a hearing and new determination on that issue.

In its amended decision, the Supreme Court, in explaining its

rationale for deciding issues concerning the equitable distribution of the marital property, concluded, inter alia, that the defendant was required to transfer title to the marital residence to the plaintiff. The court also concluded that the plaintiff was required to assume the existing mortgages encumbering the marital residence that were given in the name of the defendant. Although the judgment directed the defendant to transfer title to the marital residence to the plaintiff, the court failed to include a provision in the judgment directing the plaintiff to assume the mortgages. Under these circumstances, we modify the judgment to correct this inconsistency between the amended decision and the judgment (see Pauk v Pauk, 232 AD2d 386, 390-391 [1996]).

Where a noncustodial parent meets all or a substantial part of a child's financial needs, a court may determine that the noncustodial parent is entitled to declare the child as a dependent on the noncustodial parent's tax returns (see Popelaski v Popelaski, 22 AD3d 735, 738 [2005]). Since both parties to the instant action are wage earners who each contribute toward the support of their two children, the defendant is entitled to claim one of the children as a dependent on his income tax returns (id. at 738).

The award of an attorney's fee in a matrimonial action is a matter resting within the discretion of the trial court (see DeCabrera v Cabrera-Rosete, 70 NY2d 879 [1987]). In light of, inter alia, the defendant's greater financial resources, the Supreme Court providently exercised its discretion in awarding the plaintiff an attorney's fee in the sum of $20,000 (see Luongo v Luongo, 50 AD3d 858, 859 [2008]).

The defendant's remaining contentions are without merit. Florio, J.P., Covello, Balkin and Leventhal, JJ., concur.