■ DENNIS SPERA, Respondent, v MARIA SPERA, Appellant. [898 NYS2d 548]—

In an action for a divorce and ancillary relief, the defendant

appeals, as limited by her brief, from stated portions of a judgment of the Supreme Court, Suffolk County (MacKenzie, J.), entered July 30, 2008, which, upon a decision of the same court, dated June 19, 2008, made after a nonjury trial, inter alia, (1) directed her to provide the plaintiff with records regarding the balance and/or payments and any distributions she received for an Invesco Fund and an American Express Investment Fund and to forward to the plaintiff one half of any distributions she received, and (2) directed her to pay the plaintiff the sum of $21,200 from her share of the sale of the proceeds of the marital residence, held in escrow by her counsel.

Ordered that the judgment is modified, on the law, the facts, and in the exercise of discretion, (1) by deleting the eighth and ninth decretal paragraphs thereof regarding the Invesco Fund and American Express Investment Fund, and (2) deleting the eleventh decretal paragraph thereof directing the defendant to pay the plaintiff the sum of $21,200 from her share of the proceeds of the sale of the marital residence held in escrow and substituting therefor a provision directing the defendant to pay the plaintiff the sum of $6,700 from her share of the proceeds of the sale of the marital residence held in escrow; as so modified, the judgment is affirmed insofar as appealed from, with costs to the defendant.

"In fashioning an award of equitable distribution, the Supreme Court is required to discuss the statutory factors it relied upon in distributing marital property" (*Milnes v Milnes*, 50 AD3d 750, 750 [2008]; *see Payne v Payne*, 4 AD3d 512, 513-514 [2004]). Nonetheless, "[w]here it is evident that the Supreme Court considered all relevant factors and the reasons for its decision are articulated, the court is not required to specifically cite to and analyze each statutory factor" (*Milnes v Milnes*, 50 AD3d at 750, citing *O'Brien v O'Brien*, 66 NY2d 576, 589 [1985]). When, as here, the Supreme Court fails to set forth the statutory factors it considered, and it is not evident from the record that the court considered all the relevant factors, this Court may, in the interest of judicial economy, exercise its power to determine the equitable distribution of the parties' marital property (*see Fanelli v Fanelli*, 215 AD2d 718, 720 [1995]; *Rossi v Rossi*, 163 AD2d 376, 377 [1990]), "where the record upon which the trial court would base such a determination is fully before it" (*Payne v Payne*, 4 AD3d at 514). Under the instant circumstances, we therefore turn to the plaintiff's contentions on appeal regarding equitable distribution, rather than holding the appeal in abeyance and remitting the matter to the Supreme Court for compliance with Domestic Relations

Law § 236 (B) (5) (g) (*see Lounsbury v Lounsbury*, 300 AD2d 812, 817 [2002]; *Chasin v Chasin*, 182 AD2d 862, 864 [1992]).

Although the plaintiff presented evidence that the parties' joint Invesco Fund and American Express Investment Fund existed and had some value in 2001, he presented no evidence of their existence or value as of the date of the commencement of the action in 2005. Indeed, the plaintiff testified on direct examination that he had no knowledge whatsoever of what became of these accounts. Accordingly, the Supreme Court lacked an evidentiary basis upon which to make any award to the plaintiff with respect to these claimed investment funds (*see Burtchaell v Burtchaell*, 42 AD3d 783, 786 [2007]; *Seckler-Roode v Roode*, 36 AD3d 889, 890 [2007]; *Massimi v Massimi*, 35 AD3d 400, 403 [2006]; *Burgio v Burgio*, 278 AD2d 767, 769 [2000]).

At the time the plaintiff depleted his 401(k) savings account at the end of December 2005, the total amount of money he withdrew from the account totaled $60,767.04, of which he received a net payment of $29,654.22, after deductions for an outstanding loan and penalties. According to the plaintiff, this sum was expended for various marital "household expenses" and to pay off prior loans that he had taken against the account. However, he failed to provide any evidence of how these 401(k) funds were expended, even though he testified that the moneys were exclusively deposited into a personal account that he opened at Bank of America.

Thus, the plaintiff failed to meet his burden of tracing the use of these claimed separate funds to establish that they were used to pay for marital expenses so as to entitle him to a separate property credit (*see Milnes v Milnes*, 50 AD3d at 751; *Thomas v Thomas*, 145 AD2d 477, 477-478 [1988]). Accordingly, the Supreme Court erred in crediting the plaintiff with $14,500, representing one half of the approximately $29,000 that he claimed to have expended on marital expenses from separate 401(k) savings account funds. However, the Supreme Court properly credited the plaintiff with the additional sum of $6,700, representing one half of undisputed marital expenses.

Although the defendant contends that she is entitled to an additional credit for the plaintiff's wasteful dissipation of marital funds by unnecessarily incurring taxes and early withdrawal penalties when he cashed out his 401(k) savings account, she did not submit any evidence to establish the marital nature of this asset. Indeed, at trial, the defendant did not in any way contest the separate nature of this account. Moreover, there is no evidence in the record regarding when the plaintiff first acquired the 401(k) account, or how much money, if any, was

deposited into the account during the marriage (*cf. Shyue v Tarn*, 6 AD3d 521, 521 [2004]). Thus, having failed to meet her burden of establishing the marital nature of the money in this account, the defendant was not entitled to a credit for the alleged wasteful dissipation of assets (*see Damas v Damas*, 51 AD3d 709, 710 [2008]; *Sinha v Sinha*, 17 AD3d 131, 134 [2005]).

" 'Property acquired during the marriage is presumed to be marital property and the party seeking to overcome such presumption has the burden of proving that the property in dispute is separate property' " (*Massimi v Massimi*, 35 AD3d at 402, quoting *Judson v Judson*, 255 AD2d 656, 657 [1998]). "Marital property is to be viewed broadly, while separate property is to be viewed narrowly" (*Steinberg v Steinberg*, 59 AD3d 702, 704 [2009]). In addition, "[s]eparate property can be transmuted into marital property when the actions of the titled spouse demonstrate his intent to transform the character of the property from separate to marital," by, for example, depositing otherwise separate funds into a joint marital account and utilizing them for marital expenses (*Imhof v Imhof*, 259 AD2d 666, 667 [1999]). "Where, as here, a party fails to trace sources of money claimed to be separate property, a court may treat it as marital property" (*Steinberg v Steinberg*, 59 AD3d at 704).

Not only did the defendant fail to establish the source of any of the funds she claimed were separate, she also deposited these funds into a marital account which was used for marital expenses. Although she produced bank statements showing what she claimed were deposits of separate funds, she introduced no evidence of the source of these funds to establish their separate nature. Under these circumstances, the defendant failed to establish any entitlement to a separate property credit.

This Court does not address the defendant's remaining contentions, regarding the provisions of the judgment addressing the parties' income tax returns and the parties' recreational vehicle, as they were raised for the first time in her reply brief (*see People v Ford*, 69 NY2d 775, 777 [1987]; *Miller v Brust*, 278 AD2d 462, 464 [2000]; *Sousa v American Ref-Fuel Co. of Hempstead*, 258 AD2d 514, 515 [1999]; *Daly v Messina*, 228 AD2d 542, 542 [1996]; *State Farm Fire & Cas. Co. v LiMauro*, 103 AD2d 514, 521-522 [1984], *affd* 65 NY2d 369 [1985]). Skelos, J.P., Covello, Balkin and Austin, JJ., concur.