▪ JAMES McLOUGHLIN, Appellant, v DEBRA McLOUGHLIN, Respondent. [903 NYS2d 467]—

In an action for a divorce and ancillary relief, the plaintiff appeals, as limited by his brief, from stated portions of a judgment of the Supreme Court, Westchester County (Walker, J.), entered March 27, 2009, which, upon a decision of the same court (Montagnino, R.), dated February 10, 2006, made after a nonjury trial, inter alia, awarded the defendant 70% of the proceeds of the sale of the marital residence and directed that, in lieu of periodic payments, the plaintiff's child support and spousal maintenance obligations and arrears therefor be paid from the proceeds of the sale of the former marital residence.

Ordered that the judgment is modified, on the law and the facts, by deleting (1) the second decretal paragraph thereof

directing that, in lieu of periodic payments, the plaintiff's child support obligations to the defendant "through emancipation of the youngest child" be paid from the proceeds of the sale of the former marital residence, (2) the third decretal paragraph thereof awarding the defendant, in lieu of periodic payments, spousal maintenance in a lump sum distribution to be paid from the proceeds of the sale of the former marital residence, and (3) those portions of the fifth and sixth decretal paragraphs thereof as directed the distribution to the plaintiff of 30% of the proceeds of the sale of the former marital residence and the distribution to the defendant of 70% of the proceeds of the sale of the former marital residence; as so modified, the judgment is affirmed insofar as appealed from, without costs or disbursements, and the matter is remitted to the Supreme Court, Westchester County, for a hearing on the issues of equitable distribution, the plaintiff's maintenance obligation, and the parties' respective child support obligations, and thereafter a new determination of those issues as well as the amount owed to the defendant for retroactive child support and, if applicable, maintenance, less any amounts already paid by the plaintiff pursuant to the pendente lite order dated November 25, 2002, and for the entry of an amended judgment thereafter.

The Supreme Court awarded the proceeds of the sale of the former marital residence in the ratio of 70% to the defendant and 30% to the plaintiff. This distribution subsumed undifferentiated lump sum payments to the defendant for maintenance and child support, and arrears therefor.

"In determining a party's child support obligation, 'a court need not rely upon the party's . . . account of his or her finances, but may impute income based upon the party's past income or demonstrated earning potential' " (*Beroza v Hendler*, 71 AD3d 615, 617 [2010], quoting *DeVries v DeVries*, 35 AD3d 794, 795 [2006]). "Such a determination must be grounded in law and fact" (*DeSouza-Brown v Brown*, 71 AD3d 946, 947 [2010]; *see Mongelli v Mongelli*, 68 AD3d 1070, 1071 [2009]; *Petek v Petek*, 239 AD2d 327, 328 [1997]).

Here, the Supreme Court imputed a yearly income of $100,000 to the plaintiff based upon his prior earnings as a photographer and from the sale of real estate. However, the Supreme Court did not make findings of fact regarding the impact of the plaintiff's stroke, suffered during the pendency of the action, upon his ability to earn income in the future, other than to acknowledge that this "may well have a considerable negative effect on his ability to earn money in the future."

In addition, the Supreme Court did not explain why it did not

impute any income to the defendant in making its child support determination. On her August 1, 2002, net worth statement, the defendant reported her health as "good" and her occupation as "part time travel agent, homemaker." She has a high school education. The defendant reported income in her net worth statement of $2,536 per year from her employment as a part-time travel agent. As the Supreme Court noted in the November 25, 2002, pendente lite order, the parties' children were beyond the age of requiring full-time care, and the financial circumstances of the parties necessitated that the defendant seek employment. In that order, the Supreme Court imputed an income of $30,000 a year to the defendant in determining the parties' pendente lite child support obligations. The Special Referee did not indicate why he departed from this finding and, instead, imputed no annual income to the defendant in calculating the parties' respective child support obligations. We also note that in 2004, the defendant represented to the Supreme Court that she had earned $10,000 the previous year working part-time as a travel agent and as a receptionist for an exercise studio. Since the Supreme Court did not impute any income to the defendant, it did not determine the parties' pro rata shares of their joint child support obligation. It also cannot be determined from the record what portion of the defendant's distributive share of the proceeds of the sale of the former marital residence was intended to constitute the plaintiff's child support obligation.

"The amount and duration of maintenance is a matter committed to the sound discretion of the trial court, and every case must be determined on its unique facts" (*Grasso v Grasso*, 47 AD3d 762, 764 [2008]; *see Brooks v Brooks*, 55 AD3d 520, 521 [2008]). Domestic Relations Law § 236 (B) (6) (a) sets forth certain factors that a court should consider in awarding maintenance, including the distribution of marital property, the duration of the marriage, the age and health of the parties, the present and future earning capacity of the parties, the ability of the party seeking maintenance to become self supporting, the reduced or lost lifetime earning capacity of the party seeking maintenance, the contributions and services of the party seeking maintenance as a spouse, parent, wage earner and homemaker, and to the career or career potential of the other party. "[T]he statute makes clear that they are in aid of the primary maintenance issue of what is required to meet the reasonable needs of a party to the matrimonial action . . . as justice requires, having regard for the circumstances of the case and of the respective parties . . . The statute further directs that a determination of reasonable needs requires a comparison of the

respective financial resources of the parties" (*Brennan v Brennan*, 103 AD2d 48, 50 [1984] [citation and internal quotation marks omitted]).

It is not apparent from the record whether the Supreme Court's award of maintenance to the defendant was durational or nondurational, or what portion of the distribution constituted a lump sum maintenance award. Although the Supreme Court found that the defendant had made "considerable" contributions as a wife, as a homemaker, and to the husband's photography business, "to the best of her abilities," it failed to make findings regarding the defendant's reasonable needs or her personal financial resources.

The distribution of marital property is generally left to the sound discretion of the trial court (*see* Domestic Relations Law § 236 [B] [5] [e]; *Michaelessi v Michaelessi*, 59 AD3d 688, 689 [2009]). Pursuant to Domestic Relations Law § 236 (B) (5) (c), a court is required to consider the circumstances of the case and of the respective parties and to equitably distribute the marital property. Furthermore, Domestic Relations Law § 236 (B) (5) (d) sets forth certain factors which the court "shall consider." When both spouses equally contribute to a marriage of long duration, the division of marital property should be as equal as possible (*see Adjmi v Adjmi*, 8 AD3d 411 [2004]). However, there is no requirement that the distribution of each item of marital property be made on an equal basis (*see Griggs v Griggs*, 44 AD3d 710, 713 [2007]; *Chalif v Chalif*, 298 AD2d 348, 349 [2002]). Thus, "after a careful balancing of all these factors, the court is required to distribute the marital property, not necessarily equally or by reference to a predetermined formula, but equitably in view of the circumstances of the case and of the relative positions of the parties" (*Schanback v Schanback*, 130 AD2d 332, 342 [1987]; *see* Domestic Relations Law § 236 [B] [5] [c]).

Here, the Supreme Court identified various "complicat[ing]" factors in determining equitable distribution, including its inability to determine from the record the amount of the child support and maintenance arrears and the amount of unreimbursed medical expenses owed to the defendant, and the absence of any valuation of the plaintiff's business or a capitalization of the income stream from the residual payments he continued to receive from his photography work. It was the defendant's burden to establish the amount of arrears she claimed the plaintiff owed her (*see Miller v Miller*, 18 AD3d 629, 630 [2005]). Although the Supreme Court acknowledged that the plaintiff's use of marital funds to meet his pendente lite support obliga-

tions was necessitated by the fact that his income alone was insufficient, it did not make any determination of the amount of marital funds expended by the plaintiff to meet his family's needs during the pendency of the action. In addition, the Supreme Court included undifferentiated lump sum distributions to the defendant representing the plaintiff's maintenance and child support obligations in the distributive award, further complicating review of the propriety of the unequal distribution of the proceeds of the sale of the former marital residence, which was the parties' sole remaining marital asset at the time of the trial.

Here, the facts were not sufficiently developed at trial to enable a reasoned determination of the issues of child support, maintenance, or equitable distribution. Accordingly, the matter must be remitted to the Supreme Court, Westchester County, for a hearing and a new determination of these issues (*see O'Halloran v O'Halloran*, 58 AD3d 704, 705 [2009]). We note that the defendant was entitled to an award of child support and, if applicable, maintenance, retroactive to the date when she made an application for such support (*see Koeth v Koeth*, 309 AD2d 786, 787 [2003]). Accordingly, upon remittitur, the Supreme Court must calculate the amount of retroactive child support and, if applicable, maintenance, less any amounts already paid by the plaintiff pursuant to the pendente lite order (*id.* at 787).

The plaintiff's remaining contentions are without merit. Rivera, J.P., Florio, Angiolillo and Lott, JJ., concur.