■ THEODORA MORILLE-HINDS, Respondent, v ALFRED HINDS, Appellant. [928 NYS2d 727]—

The guiding principle of equitable distribution is that "both parties in a matrimonial action are entitled to fundamental fairness in the allocation of marital assets, and that the economic and noneconomic contributions of each spouse are to be taken into account" (*Holterman v Holterman*, 3 NY3d 1, 8 [2004]). The factors a court must consider in distributing marital property are set forth in Domestic Relations Law § 236 (B) (5) (d). " 'In fashioning an award of equitable distribution, the Supreme Court is required to discuss the statutory factors it relied upon in distributing marital property' " (*Spera v Spera*, 71 AD3d 661, 662 [2010], quoting *Milnes v Milnes*, 50 AD3d 750, 750 [2008]; *see* Domestic Relations Law § 236 [B] [5] [g]). Nevertheless, " '[w]here it is evident that the Supreme Court considered all relevant factors and the reasons for its decision are articulated, the court is not required to specifically cite to and analyze each statutory factor' " (*Spera v Spera*, 71 AD3d at 662, quoting *Milnes v Milnes*, 50 AD3d at 750). Although this Court has the same power to distribute marital property as the trial court (*see O'Brien v O'Brien*, 66 NY2d 576, 589 [1985]; *Kobylack v Kobylack*, 62 NY2d 399, 403 [1984]; *Spera v Spera*, 71 AD3d at 662), "absent a detailed record of the reasoning employed by the Supreme Court," this Court may "remit the matter to the Supreme Court for a new determination based on findings of fact in compliance with Domestic Relations Law § 236 (B) (5) (g)" (*Rossi v Rossi*, 137 AD2d 590, 591 [1988]; *see O'Brien v O'Brien*, 66 NY2d at 589; *McLoughlin v McLoughlin*, 74 AD3d 911, 915 [2010]; *Gape v Gape*, 110 AD2d 621, 622 [1985]).

Here, the Supreme Court failed to set forth the factors it considered in distributing the parties' property, instead making only conclusory assertions regarding the defendant's contribution to the value of the marital estate which were not supported by the record (*see McLoughlin v McLoughlin*, 74 AD3d at 915; *Rossi v Rossi*, 137 AD2d 590 [1988]; Domestic Relations Law § 236 [B] [5] [g]). Moreover, the Supreme Court improperly disregarded unrefuted record evidence that, through his skilled labor, the defendant made significant contributions to the value of the parties' real property (*see Johnson v Chapin*, 12 NY3d 461, 466 [2009]; *Dougherty v Dougherty*, 256 AD2d 714, 715 [1998]; *Cincotta v Cincotta*, 221 AD2d 306, 307 [1995]; Domestic Relations Law § 236 [B] [5] [d] [7]). Likewise, although the

Supreme Court summarily dismissed the defendant's contentions in connection with his contributions to child care, its findings are not consistent with the record. The defendant's contribution to the care of the parties' child should have been considered in fashioning an equitable distribution of the marital assets (*see* Domestic Relations Law § 236 [B] [5] [d] [7]; *Holterman v Holterman*, 3 NY3d at 8-9; *Granade-Bastuck v Bastuck*, 249 AD2d 444, 445 [1998]; *Kaplinsky v Kaplinsky*, 198 AD2d 212, 213 [1993]; *but see Naimollah v De Ugarte*, 18 AD3d 268, 269 [2005]). Accordingly, the matter must be remitted to the Supreme Court, Queens County, for a new determination regarding the equitable distribution of assets for which the defendant received only 15% of the value.

In setting a party's child support obligation, a court "is not bound by a party's actual reported income," but may instead base the party's obligation upon his or her "actual earning capacity" (*Matter of Solis v Marmolejos*, 50 AD3d 691, 692 [2008]; *see Matter of Muselevichus v Muselevichus*, 40 AD3d 997, 998-999 [2007]). The imputed income may properly be based upon "a parent's prior employment experience . . . or the income such parent is capable of earning by honest efforts, given his [or her] education and opportunities" (*Matter of Bibicoff v Orfanakis*, 48 AD3d 680, 681 [2008] [internal quotation marks omitted]; *see Matter of Genender v Genender*, 51 AD3d 669, 670 [2008]; *Matter of Thompson v Perez*, 42 AD3d 503, 504 [2007]). In so doing, a court is afforded "considerable discretion" (*Matter of Julianska v Majewski*, 78 AD3d 1182, 1183 [2010]). However, "the calculation of the party's earning potential must have some basis in law and fact" (*Gezelter v Shoshani*, 283 AD2d 455, 456 [2001]).

While a trial court's credibility determinations are entitled to great deference on appeal (*see Matter of Julianska v Majewski*, 78 AD3d at 1183; *Matter of Donato v Donato*, 43 AD3d 920, 921 [2007]; *Matter of Musarra v Musarra*, 28 AD3d 668, 669 [2006]), the Supreme Court's determination that the defendant could earn $80,000 annually lacks support in the record (*compare Gezelter v Shoshani*, 283 AD2d at 456-457). Likewise, the Supreme Court failed to discuss the manner in which it calculated support on parental income in excess of $80,000 annually or the factors which it considered. Accordingly, the matter must also be remitted to the Supreme Court, Queens County, for a new calculation of the defendant's child support obligation and arrears, if any (*see* Family Ct Act § 413 [1] [c] [3]; *Matter of Cassano v Cassano*, 85 NY2d 649, 654 [1995]; *Matter of Miller v Miller*, 55 AD3d 1267, 1268-1269 [2008]; *Matter of Byrne v*

*Byrne*, 46 AD3d 812, 814 [2007]; *Mercer v Mercer*, 4 AD3d 508, 510 [2004]; *Matter of Wienands v Hedlund*, 305 AD2d 692, 693 [2003]; *Matter of Gluckman v Qua*, 253 AD2d 267, 270-271 [1999]). Rivera, J.P., Florio, Austin and Cohen, JJ., concur.