■ JEREMY LEWIS, Appellant, v LARENNA M. LEWIS, Respondent. [989 NYS2d 64]—

In an action for a divorce and ancillary relief, the plaintiff appeals (1), as limited by his brief, from so much of an order of the Supreme Court, Westchester County (Connolly, J.), entered October 4, 2011, as denied those branches of his motion which were, in effect, pursuant to CPLR 4404 (b) to set aside a decision of the same court dated May 18, 2011, made after a nonjury trial, and for judgment as a matter of law voluntarily discontinuing the action, and (2) from an amended judgment of the same court entered November 3, 2011, which, upon the decision, inter alia, awarded him a divorce on the ground of constructive abandonment, allocated the marital personal property and debt between the parties after directing the equitable distribution of marital personal property and debt, failed to equitably distribute the parties' real property, failed to award him maintenance, and directed him to pay 27% of the college costs of the parties' daughter.

Ordered that the appeal from the order is dismissed, without costs or disbursements; and it is further,

Ordered that the amended judgment is modified, on the law, on the facts, and in the exercise of discretion, by (1) deleting the provision thereof, made after directing the equitable distribution of marital personal property and debt, allocating the mari-

tal personal property and debt between the parties, (2) adding thereto a provision directing the equitable distribution of marital real property, and (3) deleting the provision thereof directing the plaintiff to pay 27% of the college costs of the parties' daughter; as so modified, the amended judgment is affirmed, without costs or disbursements, and the matter is remitted to the Supreme Court, Westchester County, for a new determination on the issue of maintenance consistent herewith, a new determination of the allocation of marital personal property and debt between the parties consistent herewith, a determination of the allocation of marital real property between the parties consistent herewith, and the entry of an appropriate second amended judgment thereafter.

The appeal from the order must be dismissed because the right of direct appeal therefrom terminated with the entry of the amended judgment in the action (see Matter of Aho, 39 NY2d 241, 248 [1976]). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the amended judgment (see CPLR 5501 [a] [1]).

The Supreme Court properly denied those branches of the plaintiff's motion which were, in effect, pursuant to CPLR 4404 (b) to set aside a decision dated May 18, 2011, made after a nonjury trial in this matrimonial action, and for judgment as a matter of law voluntarily discontinuing the action. Contrary to the plaintiff's contentions, the divorce was properly granted on the consent of the parties, based upon a so-ordered stipulation that had been entered into prior to trial and an affidavit of the plaintiff acknowledging that, for a period of at least one year prior to the commencement of this divorce action, the defendant willfully, unjustifiably, and continuously refused to engage in sexual relations with him despite his repeated requests (see Domestic Relations Law § 211; see also Silver v Silver, 253 AD2d 756 [1998]; cf. Elkaim v Elkaim, 123 AD2d 371, 372 [1986]).

The distribution of marital property and allocation of marital debt is generally left to the sound discretion of the trial court (see Domestic Relations Law § 236 [B] [5] [e]; McLoughlin v McLoughlin, 74 AD3d 911, 914 [2010]). "Pursuant to Domestic Relations Law § 236 (B) (5) (c), a court is required to consider the circumstances of the case and of the respective parties and to equitably distribute the marital property" (McLoughlin v McLoughlin, 74 AD3d at 914). "Furthermore, Domestic Relations Law § 236 (B) (5) (d) sets forth certain factors which the court 'shall consider' " (id.). " 'In fashioning an award of equitable distribution, the Supreme Court is required to discuss the statutory factors it relied upon in distributing marital proper-

ty' " (*Morille-Hinds v Hinds*, 87 AD3d 526, 527 [2011] [internal quotation marks omitted], quoting *Spera v Spera*, 71 AD3d 661, 662 [2010]).

Here, the Supreme Court properly determined the amount of the parties' marital debt, based upon the parties' testimony and the evidence adduced at trial. However, the court failed to set forth the factors it considered in determining how to allocate the parties' debt and in equitably distributing marital personal property (*Morille-Hinds v Hinds*, 87 AD3d at 527; *Payne v Payne*, 4 AD3d 512, 513-514 [2004]). Moreover, the Supreme Court erred in failing to equitably distribute marital real property, consisting of the marital residence and a multifamily house that the parties acquired for investment purposes. The parties agreed in open court that the plaintiff would continue to occupy and maintain the marital residence and that the defendant would continue to occupy and maintain the multifamily house, until such time as they agreed to sell those properties. However, their agreement did not address how the proceeds of the sale of that real property would eventually be distributed between them. Under the particular circumstances here, we deem it appropriate to remit the matter to the Supreme Court, Westchester County, for a new determination on the issue of the allocation of marital personal property and marital debt and a determination on the issue of the allocation of marital real property (*see O'Donnell v O'Donnell*, 41 AD3d 447, 449 [2007]; *Dellafiora v Dellafiora*, 38 AD3d 825 [2007]), setting forth the appropriate factors and how consideration of those factors affected the allocation.

Similarly, in denying the plaintiff's request for maintenance, the Supreme Court did not adequately set forth the basis for its determination. Thus, it cannot be determined whether the Supreme Court considered all of the relevant factors set forth in Domestic Relations Law § 236 (B) (6) (a) and, if so, how it balanced those factors (*see Tozer v Tozer*, 286 AD2d 384 [2001]; *Johnson v Johnson*, 261 AD2d 439 [1999]; *Silbowitz v Silbowitz*, 226 AD2d 699 [1996]). We therefore also remit this matter to the Supreme Court, Westchester County, for a new determination on the issue of maintenance.

The plaintiff correctly contends that the Supreme Court erred in directing him to pay college expenses for the parties' daughter, who was only 15 years old at the time of trial. While the court may direct a parent to contribute to a child's college education pursuant to Domestic Relations Law § 240 (1-b) (c) (7), under the circumstances of this case, based upon the child's age, and the lack of evidence presented as to her interest in and

possible choice of college, a directive compelling the plaintiff to pay for those expenses is premature and not supported by the evidence (*see Felix v Felix*, 87 AD3d 1106, 1108 [2011]; *Bogannam v Bogannam*, 60 AD3d 985, 986 [2009]; *LaBombardi v LaBombardi*, 220 AD2d 642, 644 [1995]; *Matter of Whittaker v Feldman*, 113 AD2d 809, 811 [1985]).

The plaintiff's remaining contentions are either unpreserved for appellate review, not properly before this Court, or without merit. Rivera, J.P., Balkin, Chambers and Miller, JJ., concur.