■ Nwanneka Madu, Respondent, v Maxwell Madu, Appellant. [24 NYS3d 678]—

Appeal from a judgment of the Supreme Court, Queens County (Joseph J. Esposito, J.), dated July 17, 2012. The judgment awarded the plaintiff a distributive award in the sum of $128,890.85.

Ordered that the judgment is reversed, on the law, with costs, and the matter is remitted to the Supreme Court, Queens County, for further proceedings in accordance herewith.

In this matrimonial action, after a trial on the issue of equitable distribution the Supreme Court awarded the plaintiff a distributive award in the sum of $128,890.85.

The distribution of marital property and allocation of marital debt is generally left to the sound discretion of the trial court (see Domestic Relations Law § 236 [B] [5] [e]; Lewis v Lewis, 118 AD3d 958, 959 [2014]; McLoughlin v McLoughlin, 74 AD3d 911, 914 [2010]). The factors a court must consider in distributing marital property are set forth in Domestic Relations Law § 236 (B) (5) (d). " 'In fashioning an award of equitable distribution, the Supreme Court is required to discuss the statutory factors it relied upon in distributing marital property' " (Morille-Hinds v Hinds, 87 AD3d 526, 527 [2011], quoting Spera v Spera, 71 AD3d 661, 662 [2010]; see Domestic Relations Law § 236 [B] [5] [g]; Milnes v Milnes, 50 AD3d 750, 750 [2008]). Nevertheless, " '[w]here it is evident that the Supreme Court considered all relevant factors and the reasons for its decision are articulated, the court is not required to specifically cite to and analyze each statutory factor' " (Morille-Hinds v Hinds, 87 AD3d at 527, quoting Spera v Spera, 71 AD3d at 662; see Milnes v Milnes, 50 AD3d at 750). Although this Court has the same power to distribute marital property as the trial court (see O'Brien v O'Brien, 66 NY2d 576, 589 [1985]; Kobylack v Kobylack, 62 NY2d 399, 403 [1984]; Morille-Hinds v Hinds, 87 AD3d at 527; Spera v Spera, 71 AD3d at 662), " 'absent a detailed record of the reasoning employed by the Supreme Court,' this Court may 'remit the matter to the Supreme Court for a new determination based on findings of fact in compliance with Domestic Relations Law § 236 (B) (5) (g)' " (Morille-Hinds v Hinds, 87 AD3d at 527, quoting Rossi v Rossi, 137 AD2d 590, 591 [1988]; see O'Brien v O'Brien, 66 NY2d at 589; McLoughlin

*v McLoughlin*, 74 AD3d 911, 915 [2010]; *Gape v Gape*, 110 AD2d 621, 622 [1985]).

Here, the Supreme Court failed to set forth the factors it considered in determining how to allocate the parties' debt and equitably distribute their marital property (*see Lewis v Lewis*, 118 AD3d 958, 960 [2014]; *Morille-Hinds v Hinds*, 87 AD3d at 527; *Payne v Payne*, 4 AD3d 512, 513-514 [2004]). Additionally, the facts were not sufficiently developed at trial to enable a reasoned determination of the issue of equitable distribution (*see McLoughlin v McLoughlin*, 74 AD3d at 915; *O'Halloran v O'Halloran*, 58 AD3d 704, 705 [2009]). Accordingly, the matter must be remitted to the Supreme Court, Queens County, for a new trial and a new determination thereafter of the issue of equitable distribution based on findings of fact in compliance with Domestic Relations Law § 236 (B) (5) (g) (*see McLoughlin v McLoughlin*, 74 AD3d at 915; *O'Halloran v O'Halloran*, 58 AD3d at 705; *Rossi v Rossi*, 137 AD2d at 590-591). Balkin, J.P., Hall, Cohen and Hinds-Radix, JJ., concur.