Morille-Hinds v Hinds (2019 NY Slip Op 01208)





Morille-Hinds v Hinds


2019 NY Slip Op 01208


Decided on February 20, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 20, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
RUTH C. BALKIN
FRANCESCA E. CONNOLLY
LINDA CHRISTOPHER, JJ.


2016-05714
 (Index No. 24162/07)

[*1]Theodora Morille-Hinds, appellant,
v
Alfred Hinds, respondent.


Pollak & Slepian, LLP, Bayside, NY (Martin A. Pollak of counsel), for appellant.
Dikman & Dikman, Lake Success, NY (David S. Dikman of counsel), for respondent.



DECISION & ORDER
In an action for a divorce and ancillary relief, the plaintiff appeals from stated portions of an amended judgment of divorce of the Supreme Court, Queens County (Pam Jackman Brown, J.), entered April 5, 2016. The amended judgment, insofar as appealed from, upon a decision of the same court dated January 31, 2014, made after a nonjury trial, and upon an order of the same court dated April 22, 2015, directing the plaintiff to pay defendant $23,122.25 as reasonable counsel fees, inter alia, awarded the defendant 50% of the marital property as his equitable share, failed to award the plaintiff credit for post-commencement expenses allegedly paid by her to maintain marital assets, failed to award the plaintiff a credit for certain pre-commencement marital debt allegedly paid by her, determined the marital property component of the plaintiff's Kraft Foods, Inc. Retirement Plan and the Kraft Foods Thrift Plan to the extent benefits accrued between the date of the marriage and the date of commencement of this action, failed to equitably distribute $3,500 allegedly dissipated by the defendant, awarded child support based upon the defendant's actual income without imputation of additional income to him, declined to direct the defendant to pay post-secondary educational expenses for the parties' child, and awarded the defendant counsel fees.
ORDERED that the amended judgment of divorce is modified, on the law, on the facts, and in the exercise of discretion, (1) by deleting from the eighth and ninth decretal paragraphs thereof the words "the date of the marriage (August 28, 1992)," and substituting therefor the words "the date of marriage (August 28, 1993)," and (2) by adding a provision thereto awarding the plaintiff a credit in the sum of $1,750 for her 50% share of the marital funds that were in the defendant's Kraft Foods federal credit union savings plan; as so modified, the amended judgment of divorce is affirmed insofar as appealed from, with costs to the defendant.
The parties were married on August 28, 1993. There is one child of the marriage, born in 1995. The plaintiff commenced this action for a divorce and ancillary relief on September 27, 2007, and subsequent to trial, a judgment of divorce was entered on June 15, 2010. The defendant appealed from stated portions of the judgment which, inter alia, "awarded him only 15% of the value of the parties' real property, the plaintiff's retirement accounts, and certain bank accounts, and imputed an annual income to him in the sum of $80,000 for the purpose of his child support obligation" (Morille-Hinds v Hinds, 87 AD3d 526, 526). By decision and order dated August 2, 2011, this Court reversed the judgment insofar as appealed from, and remitted the ancillary issues of equitable distribution and child support to the Supreme Court (see id. at 527). Subsequent [*2]to retrial, the Supreme Court rendered a written decision dated January 31, 2014, determining the issues of equitable distribution and child support, as well as awarding the defendant reasonable counsel fees, the amount of which was determined upon written submissions by the parties in an order dated April 22, 2015. An amended judgment of divorce was entered on April 5, 2016, and the plaintiff appeals from the amended judgment of divorce.
The plaintiff is a microbiologist and the monied spouse. The defendant is a handyman/contractor. Both parties were 54 years old at the time of the retrial. The parties amassed significant assets during the marriage, including multifamily homes, a home and vacant parcels in St. Lucia, and substantial retirement assets. Most assets were held in the plaintiff's name. The plaintiff earned significant income as compared to the defendant's earnings, which were minimal.
The primary issue on this appeal is the plaintiff's contention that she was entitled to a larger percentage of marital assets as a result of her outsized marital efforts in comparison to the defendant, whom she considered "lazy," inasmuch as she was the primary wage earner and also claimed to be the primary caretaker for the parties' child. This view was given credence in the first decision after trial wherein the plaintiff was awarded 85% of most assets. However, on appeal, this Court determined that the defendant "made significant contributions to the value of the parties' real property" (Morille-Hinds v Hinds, 87 AD3d at 527, citing Johnson v Chapin, 12 NY3d 461, 466; see Domestic Relations Law § 236[B][5][d][7]; Dougherty v Dougherty, 256 AD2d 714, 715; Cincotta v Cincotta, 221 AD2d 306, 307). This Court also determined that "[t]he defendant's contribution to the care of the parties' child should have been considered" by the Supreme Court (Morille-Hinds v Hinds, 87 AD3d at 528, citing Domestic Relations Law § 236[B][5][d][7]; see Holterman v Holterman, 3 NY3d 1, 8-9; Granade-Bastuck v Bastuck, 249 AD2d 444, 445; Kaplinsky v Kaplinsky, 198 AD2d 212, 213).
" The trial court is vested with broad discretion in making an equitable distribution of marital property . . . and unless it can be shown that the court improvidently exercised that discretion, its determination should not be disturbed'" (Gafycz v Gafycz, 148 AD3d 679, 680, quoting Halley-Boyce v Boyce, 108 AD3d 503, 504 [internal quotation marks omitted]). "When both spouses equally contribute to a marriage of long duration, the division of marital property should be as equal as possible; however, equitable distribution does not necessarily mean equal distribution" (Davis v O'Brien, 79 AD3d 695, 696; see Repetti v Repetti, 147 AD3d 1094, 1098).
Contrary to the plaintiff's contention, the Supreme Court providently exercised its discretion in equally distributing the marital assets after the retrial. Based on the parties' testimony, we agree with the Supreme Court's determination that each of the parties made significant contributions to the acquisition of the marital assets during this 14-year marriage (see Spencer-Forrest v Forrest, 159 AD3d 762, 764; Steinberg v Steinberg, 59 AD3d 702, 703). The plaintiff's contention that she contributed substantially more to the economic partnership because she was the primary wage earner is belied by the fact that, as the court found, the defendant also contributed substantially by searching for and finding investment properties that increased significantly in value due to his utilization of his contracting/construction skills in renovating and remodeling the properties (see Morille-Hinds v Hinds, 87 AD3d at 527; Cincotta v Cincotta, 221 AD2d at 307). The defendant also participated in the care of the parties' child (see Morille-Hinds v Hinds, 87 AD3d at 527; Kaplinsky v Kaplinsky, 198 AD2d at 213).
We agree with the Supreme Court's determination declining to award the plaintiff credits for her alleged post-commencement payments of the carrying charges for the marital residence and for the three properties in St. Lucia (less any rental income received by her), and for sums from the refinance of the mortgage against the marital residence above the amount due at the time of commencement that the plaintiff allegedly used to pay marital debt, as these claims were not proven by the plaintiff; the record is insufficient to provide a basis upon which to award such credits (see generally Dermigny v Dermigny, 23 AD3d 429, 430-431; Cabeche v Cabeche, 10 AD3d 441; Phillips v Phillips, 249 AD2d 527, 528). The plaintiff failed to provide competent documentary proof of her claims despite repeated discovery demands, and subpoenas. Her failure to comply was compounded by the fact that there was a retrial of many of these issues. Presented with an opportunity to obtain documents during a week-long break in the trial, the plaintiff failed to do so.
However, we agree with the plaintiff that the Supreme Court should have awarded her 50% of the $3,500 balance that was in the Kraft Foods federal credit union savings account prior to commencement of the action, which sums were spent by the defendant. These were marital funds subject to equitable distribution (see Iacono v Iacono, 145 AD3d 972, 974; DeGroat v DeGroat, 84 AD3d 1012).
The plaintiff also argues that, despite reporting almost nonexistent income of the defendant on joint returns over the years, the defendant should pay child support based upon an $80,000 yearly income. This view was rejected on appeal by this Court, which that found that "the Supreme Court's determination that the defendant could earn $80,000 annually lacks support in the record" (Morille-Hinds v Hinds, 87 AD3d at 528).
"The trial court is afforded considerable discretion in determining whether to impute income to a parent" (Filippazzo v Filippazzo, 121 AD3d 835, 836 [internal quotation marks omitted]; see Matter of Saladino v Saladino, 115 AD3d 867, 868; Matter of Kennedy v Ventimiglia, 73 AD3d 1066, 1067). "[A] determination to impute income will be rejected where the amount imputed was not supported by the record, or the imputation was an improvident exercise of discretion" (Matter of Saladino v Saladino, 115 AD3d at 868 [internal quotation marks omitted]; see Matter of Kiernan v Martin, 108 AD3d 767, 768; Matter of Ambrose v Felice, 45 AD3d 581, 582). Here, contrary to the plaintiff's contention, the Supreme Court, after the retrial, did not improvidently exercise its discretion in declining to impute income to the defendant in excess of the amount reported on his tax returns in calculating his child support obligation. The defendant's highest reported annual income during the marriage was $18,570, and we agree with the court's determination that there was no evidence that the defendant's earning potential was greater than what was earned during the marriage (see Filippazzo v Filippazzo, 121 AD3d at 836; Matter of Saladino v Saladino, 115 AD3d at 868).
We agree with the Supreme Court's determination declining to direct the defendant to pay a share of the parties' child's college education. Payments for a child's college education is not mandatory, and "absent a voluntary agreement, whether a parent is obligated to contribute to a child's college education is dependent upon the exercise of the court's discretion in accordance with Domestic Relations Law § 240[1-b][c][7]" (Marin v Marin, 148 AD3d 1132, 1135 [internal quotation marks omitted]; see Matter of Lynn v Kroenung, 97 AD3d 822, 823). Here, the plaintiff failed to provide any documentary proof of the cost of the college the child had been accepted to and was planning to attend. Although the plaintiff also testified that there was approximately $30,000 in an account set aside for the child's college education, she failed to provide any recent account statement. Under these circumstances, the court's failure to direct the defendant to pay a share of the child's education was not an improvident exercise of discretion (see Marin v Marin, 148 AD3d at 1136).
"The determination of what constitutes reasonable counsel fees is within the Supreme Court's discretion" (Ostrower v Ostrower, 148 AD3d 819, 820; see Domestic Relations Law § 237[a]; DeCabrera v Cabrera-Rosete, 70 NY2d 879, 881; Duffy v Duffy, 84 AD3d 1151, 1152). " In exercising that discretion, the court must consider the financial circumstances of the parties and the circumstances of the case as a whole, including the relative merits of the parties' positions.' In addition, the court may take into account whether one party has delayed the proceedings or engaged in unnecessary litigation'" (Margolis v Cohen, 153 AD3d 1390, 1393-1394, quoting Mueller v Mueller, 113 AD3d 660, 661 [citations omitted]). Here, considering the disparity in the parties' incomes, as well as the fact that the plaintiff failed to produce documents, and that she maintained unreasonable positions regarding the issues of equitable distribution and child support despite the guidance offered by this Court upon its remittal of the issues, the Supreme Court providently exercised its discretion in awarding the defendant reasonable counsel fees in the sum of $23,122.25 (see Margolis v Cohen, 153 AD3d at 1394; Bruzzese v Bruzzese, 152 AD3d 563, 566; Duffy v Duffy, 84 AD3d at 1153).
" Where there is an inconsistency between a judgment or order and the decision upon which it is based, the decision controls'" (McLoughlin v McLoughlin, 63 AD3d 1017, 1020, quoting Curry v Curry, 14 AD3d 646, 647). Here, those portions of the amended judgment that awarded the [*3]defendant 50% of the marital property component of the plaintiff's Kraft Foods, Inc. Retirement Plan and of her Kraft Foods Thrift Plan, incorrectly state the date of marriage as being August 28, 1992. The decision correctly states that the date of the parties' marriage was August 28, 1993. Therefore, we modify the amended judgment by deleting the incorrect date of marriage and substituting the correct date.
SCHEINKMAN, P.J., BALKIN, CONNOLLY and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court