Burstein v Watson

2026 NY Slip Op 02055

April 7, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

David Burstein, Respondent,

v

Kandice Watson, Appellant.

Decided and Entered: April 07, 2026

Index No. 155883/22|Appeal No. 6272|Case No. 2023-00648|

Before: Webber, J.P., Kennedy, Kapnick, González, O'Neill Levy, JJ.

Pryor Cashman LLP, New York (Ronnie Schindel of counsel), for appellant.

Krauss Shaknes Tallentire & Messeri, LLP, New York (Jennifer Montoya of counsel), for respondent.

[*1]

Order, Supreme Court, New York County (Ariel D. Chesler, J.), entered on or about December 22, 2022, which, to the extent appealed from as limited by the briefs, denied defendant's cross-motion to dismiss the child support petition filed by plaintiff or consolidate the actions, denied her application for sanctions and attorneys' fees, and granted plaintiff's request to claim both children as dependents on his 2021 tax returns, unanimously affirmed, without costs.

The court providently exercised its discretion by declining to dismiss plaintiff's child support petition or to consolidate the matters (see CPLR 3211 [a][4]; Whitney v Whitney, 57 NY2d 731, 732 [1982]; Geneva Temps, Inc. v New World Communities, Inc., 24 AD3d 332, 334 [1st Dept 2005]). Defendant's initial petition seeking child support was not properly brought in Supreme Court since Family Court has "exclusive original jurisdiction over proceedings for support" (Family Court Act § 411), the parties were never married, and the court expressly declined to adjudicate any child support claims at that time. The court stated its willingness to issue an interim order, on the parties' consent, specifying "financial protocols" to protect the children. No action was ever commenced in Family Court by either party. Over a year later, upon the parties' consent, the court ultimately agreed to consider child support together with the child custody matters, and the court explicitly asked the parties to file a stipulation or motion to facilitate the court's consideration of those issues. Thus, despite defendant's contention that her child support request remained active, her claim was not properly pending before Supreme Court. Nor was there another action with which to consolidate the instant action.

The court did not abuse its discretion by denying defendant's cross-motion for sanctions under 22 NYCRR 130-1.1 (see Pickens v Castro, 55 AD3d 443, 444 [1st Dept 2008]). Neither plaintiff nor his attorney made any misleading or materially factually inaccurate statements, and the filing of a child support petition in accordance with the court's directives and the parties' agreement did not amount to frivolous and sanctionable conduct (see Gordon Group Invs., LLC v Kugler, 127 AD3d 592, 594-595 [1st Dept 2015]).

[*2]

The court did not modify the terms of the interim order, which already required defendant to pay 50% of add-on expenses for the children, and the court providently exercised its discretion by determining that plaintiff was permitted to claim both children on his tax returns for one year, while each party claimed one child thereafter (see O'Halloran v O'Halloran, 58 AD3d 704, 706 [2d Dept 2009], appeal dismissed 12 NY3d 804 [2009]). Furthermore, the court was not required to engage in additional fact-finding, as "an aggrieved party's remedy for perceived inequities in a pendente lite award is a speedy trial" (Anonymous v Anonymous, 63 AD3d 493, 496-497 [1st Dept 2009], appeal dismissed 14 NY3d 921 [2010]).

THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.

ENTERED: April 7, 2026